IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION

JOYCE THOMAS,
Plaintiff,

-against-

ATLANTA PUBLIC
SCHOOLS,

Defendant

Case No.:

**COMPLAINT**

Plaintiff Joyce Thomas ("Plaintiff"), by and through her undersigned counsel, as and for her Complaint in this action against Atlanta Public Schools ("Defendant" or "APS"), hereby complains of Defendant as follows:

**NATURE OF THE CLAIMS**

1. This is an action for declaratory, injunctive, and equitable relief, in

1

addition to monetary damages to redress Defendant's unlawful employment practices against Plaintiff, including their discriminatory treatment and harassment of Plaintiff due to her age and in retaliation for Plaintiff's complaints about ethical misconduct and unlawful discrimination in the workplace in violation of the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634 (ADEA) and the Georgia Fair Employment Practices Act O.C.G.A. §§ 45-19-29, *et seq*.

## JURISDICTION

2. This action is brought pursuant to the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634 (ADEA). Jurisdiction is specifically conferred on the Court by 42 U.S.C. § 2000e-5. Equitable and other relief is also sought under 42 U.S.C. §e-5(g). The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1342, as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII. The Court has supplemental jurisdiction over the Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omission giving rise to this action, including the unlawful employment practices described herein, occurred in this district.

## ADMINISTRATIVE PROCEDURE

4. In 2016 Plaintiff filed three charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging retaliation and violation of the ADEA. Exhibit 1. EEOC Charges I-III.

5. On August 10, 2020, Plaintiff received notice of her right to sue, a copy of which is annexed hereto as **Exhibit 2: Notices of Right to Sue I-III.**

6. Any and all prerequisites to the filing of this suit have been met.

## PARTIES

7. Plaintiff resides at 4639 Mossey Drive, Lithonia Georgia 30038. At all relevant times, Plaintiff is and has been a resident of the State of Georgia and met the definition of an "employee" under all applicable statutes.

8. The principal office of the named Defendant Atlantic Public Schools

("DefendantAPS") is located at 130 Trinity Avenue, Atlanta, Georgia 30301.

## FACTUAL ALLEGATIONS

1. Plaintiff is a 62-year-old African American female.

2. Between July 2005 and August 2013 Plaintiff worked in various capacities, including an instructional Specialist, Assistant Principal, and Interim Principal, at Defendant's J.E. Brown Middle School.

3. In or around August 2013 Defendant placed Plaintiff at Coan Middle School as Assistant Principal.

4. When Plaintiff arrived at Coan Middle School, her new supervisor and Principal for Coan Middle School, Dr. Betsy Bockman ("Dr. Bockman") directed her to record her observations of evaluation of staff while another staff member, instructional coach Emily Boatright ("Ms. Boatright") would input into Defendants' secure electronic data storage system.

5. Plaintiff did not have the authority to directly input her observation into Defendants' platform until she confronted Dr. Bockman about discrepancies between her evaluations and the evaluations recorded into the secure electronic storage system in March 2014.

4

6. In March 2014, Plaintiff scored a teacher "proficient" in the areas of "being mobile in the classroom" and "ensuring that students do not put their heads on their desks."

7. Shortly afterwards, Plaintiff learned that her observations on the teacher's evaluation had been improperly inputted into Defendants' secure electronic storage system.

8. Plaintiff immediately informed Dr. Bockman about the discrepancy.

9. Upon learning about the discrepancy, Dr. Bockman and Ms. Boatright instructed Plaintiff to falsely inform the evaluated teacher that Plaintiff had improperly changed his scores.

10. Dr. Bockman and Ms. Boatright became angry at Plaintiff when Plaintiff refused to change the evaluation and suggested that the request reminded her of the events leading to Defendant APS' cheating scandal.

11. Dr. Bockman subsequently gave Plaintiff access to Defendants' electronic platform.

12. After reviewing the evaluations inputted in the platform, Plaintiff learned that Dr. Bockman was recorded as the evaluator for all the teachers that Plaintiff had observed.

13. In or around March 2014, Plaintiff notified Defendants' Employee Relations Department that Dr. Bockman was falsifying teachers' evaluations.

14. Defendant APS determined that Plaintiff's allegations were without merit because they did not present substantial evidence of wrongdoing by Dr. Bockman.

15. Defendant APS did not conduct a proper investigation of Plaintiff's Complaints.

16. In June 16, 2015, Plaintiff directed complaints regarding Dr. Bockman to the Georgia Professional Standards Commission, which remanded the matter "to the Superintendent of the Atlanta Public School System for investigation and response to determine if a Code of Ethics violation occurred".

17. In July 2015, Plaintiff directed the above complaints to the Office of Georgia Governor, which also remanded the matter to Defendant APS.

18. Defendants closed Coan Middle School in July 2014.

19. In May 2014, Defendants Executive Director, David White, notified Plaintiff that she would not be transferred with the rest of the Coan Middle School Staff to King Middle School because she was too old to be an assistant principal and because the Principal at King Middle School had requested a male assistant principal. King subsequently hired a male assistant principal.

20. Defendant did not inform Plaintiff of her assignment for the 2014/2015 school year until after July 21, 2014, the first reporting day for assistant principals.

21. On July 21, 2014, the first reporting day for assistant principals, Plaintiff wrote to Ms. Pamela Hall about Defendant's failure to provide her a placement for the 2014/2015 school year.

22. Plaintiff was assigned to Crim High School for the 2014/2015 School year.

23. At Crim High School, Plaintiff was prevented from participating in the leadership team and, instead, was subjected weekly to jokes and harassment about her age.

24. Dr. Okoko, a coworker, who regularly stated that Plaintiff "must be 70 years old" and asked Plaintiff "when are you going to retire."

25. Ms. Parker, Plaintiff's supervisor and Principal of Crim High School, knew about the remarks made about Plaintiff's age.

26. Ms. Parker made no attempt to prevent staff members from harassing Plaintiff on the basis of age.

27. On February 26, 2016, Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging retaliation and discrimination on the basis of age. (Exhibit A. EEOC Charge No. 410-2016-02518)

28. On March 2016, Principal Parker called Plaintiff into meetings with representatives from the Defendant's downtown Office, including Associate Superintendent Dr. Gadson.

29. Plaintiff was asked about how old she was during these March 2016 meetings.

30. Shortly after she filed the above EEOC charge, on or about March 2016, Defendants informed Plaintiff that her position was being abolished.

31. Plaintiff filed a second charge alleging that she was being terminated on the basis of age on April 21, 2016 and for filing the February 2016 charge with the EEOC (EEOC Charge No. 410-2016-03499).

32. Through a letter dated May 6, 2016, Defendant informed Plaintiff of their decision not to recommend the renewal of her employment with AISS for the 2016/2017 academic year as Defendant APS' Board had voted to abolish her position. Defendants advised Plaintiff that the abolishment of her position was due to a lack of funding.

33. In fact, Defendant did not abolish Plaintiff's position and, instead, replaced Plaintiff with Ms. Robin Tracy Anderson-Davis, then 45-years old and a non-certified employee with less qualifications, experience than Plaintiff.

34. Starting in June of 2016 to August 2016, Plaintiff applied to thirteen (13) open Assistant Principal positions with Defendant. Plaintiff was interviewed only once.

35. Defendant declined to rehire Plaintiff following the abolishment of her position even though Defendant had previously informed Plaintiff that she would be given preference for all future job openings.

36. On September 1, 2016, Pamela Hall, Defendant's HR Director, confirmed Plaintiff's belief that Defendant had retaliated against her for filing complaints in stating to Defendant that "No one is going to give you a job."

37. On the basis of the above, Plaintiff filed a third EEOC charge alleging that Defendant had failed to hire her in retaliation for filing the earlier EEOC charge. (Charge No. 410-2016-06149).

38. Plaintiff received notices of her right to sue for all three EEOC charges on August 10, 2020.

39. Plaintiff, who is a public employee covered by a contract, was not terminated for cause.

40. Plaintiff was 58 years old at the time she was terminated. Plaintiff was qualified for the position.

41. Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, forth resulting in damages above in by an amount to be proved at trial.

**FIRST CAUSE OF ACTION (Unlawful Intentional Age Discrimination (Disparate Treatment in Violation of the ADEA, 29 U.S.C. § 621 *et seq.*)**

42. Plaintiff repeats and incorporates the allegations set above.

43. Plaintiff, at 58 years of age, was subjected to ridicule and harassment on the basis of her age by her coworkers while she was pursuing ethics charges against her former supervisor for falsifying documents.

44. Defendant's Principals, Plaintiff's direct supervisors, knew about, participated in, and/or failed to correct the age-based hostilities directed against her.

45. Defendant's management personnel, Ms. Pamela Hall and Doctor Gadson, were aware of Plaintiff's complaints of ongoing age discrimination and, further, participated in the discrimination.

46. Representatives from Defendant's Superintendent's office specifically asked Plaintiff about her age prior to apparently abolishing her position.

47. Plaintiff was fully qualified for the role of Assistant Principal at the time Defendant's failed to renew her contract.

48. Defendants replaced Plaintiff with a younger (45 year old), less experienced co-worker.

49. The Defendant's violations of the ADEA were intentional and willful.

50. As a direct and proximate result of the foregoing violations of the ADEA, Plaintiff has sustained economic and non-economic damages, including, but not limited to, denial of the wages and other benefits, lost interest on those wages and other benefits, and loss of any potential opportunity to advance.

## SECOND CAUSE OF ACTION
### (ADEA- Hostile Work Environment and Retaliatory Discharge)

51. Plaintiff repeats and incorporates the allegations set above.

52. Defendant APS retaliated against Plaintiff for alleging ethical misconduct against Dr. Brockman by provoking her coworkers to taunt and harass her based on her age and causing her to be assigned to a different school than all her co-workers.

53. Defendant terminated Plaintiff's employment in retaliation for filing EEOC charges in February and March 2016.

54. After Plaintiff filed a third EEOC charge, Defendants refused to give Plaintiff preference for subsequent Assistant Principal positions in retaliation for filing three EEOC charges.

55. As a direct and proximate result of the foregoing violations of the ADEA,

Plaintiff has sustained economic and non-economic damages, including, but not limited to, denial of the wages and other benefits, lost interest on those wages and other benefits, and loss of any potential opportunity to advance.

56. Defendant's unlawful discriminatory actions were intentional, malicious, treated differently and/or done with Defendants reckless disregard of Plaintiff's rights to be free of unlawful retaliation.

### THIRD CAUSE OF ACTION (Violation of Georgia Fair Employment Practices Act O.C.G.A. §§ 45-19-29, *et seq.*)

57. Plaintiff realleges and incorporates by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

58. The Georgia Fair Employment Practices Act prohibits discrimination in public employment based on sex as well as age. The law applies to public employers with 15 or more employees.

59. Defendant APS is a public employer with 15 or more employees. Defendant APS discriminated against Plaintiff on the basis of her age by provoking her coworkers to taunt and harass her based on her age shortly after she filed an ethics complaint against her supervisor, causing her to be assigned to a different school than all her coworkers, terminating her employment after she filed EEOC charges in February and March 2016

12

and refusing to give her preference for subsequent Assistant Principal

positions after she filed her third EEOC charge.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the law of the United States and the State of Georgia;
B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;
C. An Order directing Defendants to place Plaintiff in the position she would have occupied by for Defendants' discriminatory, retaliatory, and/or otherwise unlawful treatment of her, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Plaintiff;
D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;
E. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries.
F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputation and loss of career fulfilment;
G. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at

13

trial, plus prejudgment interest;

H. An award of punitive damages;

I. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

J. Such other and further relief as the Court may deem just and proper.

Respectfully submitted this 8th day of November, 2020.

The Khwaja Omer Law Offices Attorneys for Plaintiff

/s/ Murtaza Khwaja

Murtaza Khwaja, Esq. 110 Wall Street #3-049 New York, NY 10005 (404) 432-8847